April 29, 1975.

M. P. No. 75-118. IN THE MATTER OF GEORGE F. McDONALD, JR. On September 6, 1974, the Grand Jury filed indictment No. 74-1249 charging the respondent, a member of the bar of this state and an elected public official, with solicitation of a

bribe in violation of G. L. 1956 (1969 Reenactment) §11-7-3 from The Kinney Company, a Rhode Island corporation.

On October 24, 1974, the Grand Jury filed a second indictment, No. 74-1364, which indicted the respondent for a similar violation involving The Providence Partnership, a Rhode Island corporation.

On February 5, 1975, respondent pleaded guilty to indictment No. 74-1249 and was subsequently sentenced to the Adult Correctional Institutions for a term of 1 year. The offense charged therein, although indictable, is, pursuant to the statute, punishable as a misdemeanor. However, the trial justice suspended the sentence and placed respondent on probation for a period of 1 year, on condition that respondent resign from the House of Representatives. The respondent resigned his public office and the judgment of conviction was entered. Indictment No. 74-1364 is still pending in Superior Court.

By letter dated March 21, 1975, respondent requested an appointment with this court for the purpose of expediting the disciplinary process. On April 15, 1975, respondent with counsel appeared before us in chambers and expressly waived all benefit of investigatory and prosecutorial procedure to which he may have been entitled under our rule.

However, our Rule 43, which is applicable here, provides:

> "An attorney admitted to practice in this State who is convicted in a court of record of a crime involving moral turpitude, may, in lieu of or in advance of proceedings pursuant to Rule 42, be ordered to appear before the Court to show cause why his admission to the bar should not be revoked or suspended."

While there are no cases in Rhode Island holding that the solicitation of a bribe is a crime involving moral turpitude, we believe that the nature of the crime and its commission so violate the public interest and so discredit the moral fitness

of an attorney to practice law that solicitation of a bribe is to be considered a crime involving moral turpitude.

This brings us to a consideration of the nature and extent of the disciplinary action which should be imposed. The respondent violated his oath, not only as an attorney, but also as an elected representative of the people. Notwithstanding his previous good record and respected career, it is our judgment, because of the high standard of conduct demanded by the members of the bar that he be indefinitely suspended from the practice of law.

The record indicates that respondent is presently representing clients whose cases are pending in various stages of litigation or nearing settlement. He has provided us with a list of those cases and asks that he be permitted to bring them to termination so that the rights of his clients may be protected in an expeditious manner. We will therefore in deference to those clients modify the suspension order to the extent that respondent can appear in court and take such other steps as are necessary to dispose of specific litigation or claims before July 1, 1975. After the disposition of the October 24, 1974 indictment in the Superior Court, we shall reconsider the order issued this date.

Entered as an order of Court this 29th day of April 1975.