January 6, 1977.

M. P. No. 75-118. IN THE MATTER OF GEORGE F. McDONALD, JR. Petition for reinstatement to membership in the bar of this state brought by George F. McDonald, Jr., who on April 29,

1975, was indefinitely suspended from engaging in the practice of law in this state. See *In the Matter of George F. McDonald*, 114 R.I. 949, 337 A.2d 248 (1975).

After consideration of the petitioner's arguments in support of the application and the facts involved in our initial suspension, the petition is denied without prejudice to the petitioner's right to reapply for reinstatement on or after January 1, 1978.

Entered as an order of this court this 6th day of January, 1977.

Mr. Justice Kelleher, dissenting. For the reasons which follow, I must reluctantly dissent from the order which is now being entered in this matter.

Our original indefinite suspension order of April 29, 1975, resulted from the respondent's pleading guilty to an indictment that charged him with soliciting bribes during the month of April 1974. When the suspension order was entered, there was pending against respondent a second indictment, which charged him with soliciting another bribe at various times during a 1-year period beginning in early May 1974. During the periods mentioned in the indictments, respondent was a member of the Rhode Island House of Representatives. In his appearance before us during the spring of 1975, respondent stressed that every effort would be made to have an early trial of the second indictment because, in his opinion, the charge was baseless.

If there had not been a second indictment, I would have voted to disbar. My vote to indefinitely suspend was prompted by an apprehension that the stigma of disbarment might possibly prejudice respondent when and if the second indictment came to trial. This indictment was dismissed on respondent's motion in June 1976.

My feelings as to respondent's disbarment were and still are prompted by a belief that the public expects this court to do

everything in its power to impress upon the Rhode Island bar that an attorney is expected to adhere to an honorable standard of conduct at all times. I could expound at length in this area, but I believe it would be more appropriate to refer to what the sentencing justice said at the time he accepted respondent's guilty plea.

The sentencing justice observed that respondent, in his desire for personal gain, had brought disgrace to his "sacred oath as a lawyer" and that "* * * in plotting the scheme of your dishonest act you even attempted to use innocent third persons — other attorneys — to shield and camouflage your devious actions." He also commented that the "bad image" that the public has of the legal profession is the result of conduct exhibited by individuals such as respondent. In alluding to his desire to determine a proper punishment, the justice remarked that he had for his goal the creation of an awareness among the general public and the legal profession that "* * * honesty is not old fashioned, and is not out of style but that today as ever — honesty is always the best policy." Thereafter, the justice suggested to respondent that he resign as a member of the Rhode Island House of Representatives. Once the resignation was submitted, the sentencing justice imposed a 1-year suspended sentence upon respondent.

The punishment, so far as respondent's status as an attorney, is a matter which is within the exclusive province of this court. However, the sentencing justice's concern that the legal profession have a genuine commitment to the principle that honesty is the best policy certainly makes great sense. Disbarment is a drastic step, but I believe the facts presented here and the duty owed by us to the public and the profession require the imposition of disbarment. Our April 1975 order specifically states that it would be reconsidered once a disposition had been made of the second indictment.

In reconsidering the original order, I would amend it so that it would be one of disbarment. Our Rule 42-16 provides that a

person who is disbarred can apply for reinstatement at any time following a 5-year absence from the practice of the law. Consequently, I vote to amend the suspension order to one of disbarment with the proviso that the respondent could receive credit for the time he has actually been suspended from the practice of law. Evidence of this credit would be a stipulation in the amended order which would allow the respondent to apply for reinstatement at any time subsequent to July 1, 1980.[1]

Bevilacqua, C. J. not participating.

*Eugene Toro,* for petitioner.

---

[1]Although the suspension order was entered on April 29, 1975, the suspension did not become effective until July 1, 1975. During this hiatus the respondent was permitted to terminate a number of cases and claims that were in the process of settlement.